# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GORDON R. SOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-463-KEW |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Gordon R. Sowers (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 31, 1961 and was 52 years old at the time of the ALJ's decision. Claimant completed his education halfway through the ninth grade. Claimant has worked in the past as a caulker at a waterproofing business and a construction worker. Claimant alleges an inability to work beginning December 1, 2012 due to limitations resulting from hepatitis C, lower back problems, high blood pressure, rectal bleeding, and migraine headaches.

**Procedural History**

On January 9, 2013, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On March 5, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") James Stewart in Tulsa, Oklahoma. He issued an unfavorable decision on April 25, 2014. The Appeals Council denied review of the ALJ's decision on September 25, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in providing an assessment of Claimant's deficits in adaptive functioning which was not supported by substantial evidence.

**Consideration of a Listing**

In his decision, the ALJ found Claimant suffered from the severe impairments of lower back pain, high blood pressure,

migraine headaches, and borderline intellectual functioning. (Tr. 27). The ALJ determined Claimant retained the RFC to perform light work. He found that, due to severe mental impairments, Claimant was limited to unskilled work consisting of simple and routine tasks with routine supervision that require only that he be able to understand, remember, and carry out simple instructions with no contact with the general public and only occasional contact with co-workers. Contact with co-workers must be superficial. The ALJ further determined that Claimant needs to be able to work at his own workstation or location independently performing his own tasks without having to cooperate with co-workers to perform those tasks. (Tr. 30).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of assembler of small products, sorter, and weld inspector, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 35). As a result, the ALJ determined Claimant was not under a disability since December 21, 2012, the date the application was filed. Id.

Claimant contends that the ALJ erred when determining whether his impairments met a listing. Specifically, Claimant asserts he meets or equals Listing 12.05C on mental retardation. The ALJ denied Claimant's assertion in this regard because he "does not

5

have the substantial deficits in adaptive functioning required to meet Listing 12.05" contained in paragraph C of the regulation. (Tr. 29). The ALJ cited to earnings records which showed Claimant worked steadily from 1978 to 1997 which demonstrated he "was capable of doing at least simple work." The records also showed Claimant worked as a caulker in 2010 and testified he actually worked three or four years at the business because he was paid in cash. The ALJ also noted Claimant "did substantial work" in 2003 and 2004 and passed his driver's test. He also considered that Claimant attended special education classes. However, the ALJ concluded Claimant did not have the requisite deficits in adaptive functioning. Id.

To meet or equal Listing § 12.05, a claimant must demonstrate the following:

> 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.
>
> * * *

20 C.F.C. Pt. 404, Subpt. P, App. 1, Listing 12.05C.

Claimant must satisfy all of these required elements for a Listing to be met. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Claimant cites to the case of Barnes v. Barnhart, 116 Fed.Appx. 934 (10th Cir. 2004)(unpublished) for the proposition that the ALJ is required to choose and apply a measurement method by one of the four major professional organizations in dealing with mental retardation.

"Adaptive functioning refers to how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, sociocultural background, and community setting." American Psychiatric Ass'n, *Diagnostic & Statistical Manual*, p. 42 (Fourth Ed. 2000)("DSM-IV"). The ALJ rejected Claimant's qualification under paragraph C based upon a lack of evidence of deficits of adaptive functioning. (Tr. 29). It is apparent from the record that the ALJ applied the DSM-IV definition by concentrating on work history and educational background. There is no indication that Claimant stopped working because of mental impairments. A successful work history is inconsistent with a finding of mental retardation. *See* Bland v. Astrue, 432 Fed.App'x 719, 723 (10th Cir. 2011)(unpublished)(citing Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007)).

Moreover, while an assessment of Dr. Todd Graybill indicated

a verbal IQ of 68 which places him within the intellectual range of Listing 12.05C, he also found Claimant was able to understand, retain, and follow simple instructions with an attention span and concentration abilities commiserate with his intellectual level. (Tr. 318-19). State agency psychologist Dr. Gary Lindsay also supported a finding of Claimant's ability to perform simple tasks without public contact. (Tr. 97). Given the evidence of an ability to engage in the activities of adaptive functioning in the record, this Court cannot conclude the ALJ erred in his assessment of Claimant's lack of deficits of adaptive functioning.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 30th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE